Amy Cooper, *Plaintiff in Propria Persona*
16018 W 143rd Terrace
Olathe, KS 66062

## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Amy Cooper fka Amy Tapprich, a woman, | CASE NO: 14-2550 SAC/JPO |
| Plaintiff | VERIFIED COMPLAINT FOR DAMAGES |
| vs. | JURY TRIAL DEMANDED |
| vs. | |
| Bank of America, National Association, et al; Bank of America Home Loans, et al: Bryan Cave LLP c/o Jennifer Berhorst, et al | |
| Defendant (s) | |

**COMES NOW,** the Plaintiff(s) Amy Cooper fka Amy Tapprich complaining of the Defendant(s) and each of them as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the **Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692, Kansas Consumer Protection Act K.S.A 50-623, Kansas Fair Credit Reporting Act K.S.A 50- 703, Public Law 95-109 95th Congress 91 stat. 874,**

Complaint for Damages
Page 1

**Public Law 91-508 Title VI 84 stat** along with Defamation of Character

## THE PARTIES

2. Plaintiff "Amy Cooper fka Amy Tapprich" is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term appears to be defined within **15 U.S.C. §1692a (3), K.S.A. 50- 702(b), K.S.A. 50- 624(b), Public Law 91-508 § 603(c), Public Law 95-109 § 803(3).**

3. Defendant(s) "Bank of America N.A." ("Debt Collector") is a national banking association formed under federal and state laws of the United States of America. It has a principle place of business located at 100 North Tryon Street, Charlotte, NC 28255.

4. Defendant(s) "Jennifer Lauren Berhorst" who is an attorney for Bryan Cave LLP ("Debt Collectors") appears to have a principle place of business located at 1200 Main St Ste 3500, Kansas City, Mo 64105.

5. Defendant(s) "Bank of America Home Loans" (Debt Collector") is a national banking association formed under federal and state laws of the United States of America, and is the mortgage department of Bank of America, National Association. It has a principal place of business located at 100 North Tryon Street, Charlotte, NC 28255

## JURISDICTION AND VENUE

5. The US District Court of Kansas appears to have jurisdiction pursuant to **15 U.S.C. §1692i, 15 U.S.C. §1681p *et*, al, K.S.A. 50- 638, K.S.A. 50- 717, P.L. 95-109 § 811(a)(1)(2)** and the court appears to have concurrent jurisdiction over Plaintiffs tort state claims. Venue appears to be proper as the Plaintiff is a Citizen within the state of Kansas at this time and the

time of the violations. Therefore venue appears to be proper in the US District Court of KANSAS.

## FACTUAL ALLEGATIONS

6. Plaintiff consumer Amy Cooper formerly known as Amy Tapprich, pursuant to **15 USC§1692g, Fair Debt Collection Practices Act ("FDCPA") and Public Law 95-109 § 809** hereby disputes the alleged debt Defendant claims in the above titled matter. Therefore this Notice shall be deemed a request/demand for "verification" and debt validation request as it appears to be defined by **15 USC 1692(g)(1)(2)(5)(b) and Public Law 95-109 § 809**.

7. The Defendant(s) appeared to receive their alleged interest in the "household debt" through an alleged transfer and/or assignment through Countrywide Bank, N.A., who appeared to receive an alleged transfer and/ or assignment through First Horizon Home Loan Corporation. Plaintiff has requested verification/validation on numerous occasions and the Defendants still have not presented the proper verification pursuant to **15 USC§1692g and Public Law 95-109 § 809**. That appears to be very misleading and deceptive of the Defendants. A foreclosure appears to be an action in rem for creditors according to consumer protection laws. (Exhibit A) will show all the "assignments".

8. Plaintiff CONSUMER hereby requests validation pursuant to **15 USC§1692g and Public Law 95-109 § 809.** Specifically, Plaintiff disputes as to the identity of the true owner (if any) of this alleged debt, the alleged amount due and owing, Plaintiff disputes all signatures appearing on Defendant(s) unauthenticated hearsay documents (Exhibit B), and the Defendant(s) "Bryan Cave LLP c/o Jennifer Berhorst" appeared to allege authority and capacity to collect and or sue on behalf of the same. Alleged Defendant(s) appear to be "debt collectors" as that term

appears to be defined by **15 USC§1692a (6), P.L. 95-109 § 803(6),** "persons" as the term appears to be defined by **P.L. 91-508 § 603(b)** and "suppliers" as the term appears to be defined in **K.S.A. 50-624 (1)**. Plaintiff Amy Cooper formerly known as Amy Tapprich is a "consumer" as that term appears to be defined by **15 USC§1692a (3), K.S.A. 50- 702(b), K.S.A. 50- 624(b), Public Law 91-508 § 603(c), Public Law 95-109 § 803(3)**.

9. Defendant(s) Bank of America N.A. appears to be attempting to collect a "household debt" as that term is defined by **15 USC§1692a (5).**

10. Plaintiff demands a jury trial in this case as Plaintiff is entitled to such by right, pursuant to U.S. Constitution 7th Amendment all matter of $20 or more to proceed with a right to jury trial.

10. Plaintiff brings this action regarding the Defendant; in their continued attempts to collect an alleged debt Defendant claims is owed them. On the date of the 15th of January, 2013, Defendant debt collector filed a petition for Quiet Title in Greene County, Missouri Circuit Court without ever providing any lawful validation of the debt, after Plaintiff continually asked for validation. Defendants Bryan Cave LLP and Jennifer Berhorst are Bank of America, National Association's attorney in this particular case. Plaintiff is without knowledge of the alleged debt Defendant claim is owed. With this action taken by Defendants, Plaintiff alleges Defendant violated P.L. 95-109 **§ 807(1)(2), (3), (4), (5), (6)(a)(b), (8), (12), (13) and 15 U.S.C. 1692e.** (Exhibit C is Plaintiff's validation letters that Plaintiff has sent)

11. On or about *April 19th, 2012* Plaintiff received a dunning notice by Titanium Solutions on behalf of the Defendant "Bank of America Home Loans" (See, attached "Exhibit D"). The dunning notice makes numerous claims by the Defendant(s), sating they are allegedly my servicers and they made threats to foreclosure, which appears to be a violation of the law.

Consequently, Plaintiff is without specific knowledge and evidence that supports Defendant's claims and allegations.

12. On or about *April 25th, 2012* in response to Defendants dunning letters, Plaintiff served upon them a Notice for Validation of Debt pursuant to **15 USC§1692g, FDCPA, Public Law 95-109 § 809**. (*See,* attached "Exhibit C") The notice required the Plaintiff "debt collector" to validate/verify their alleged debt pursuant to **15 USC§1692g, Public Law 95-109 § 809**.

13. On or about *April 27st, 2012*, Plaintiff received another dunning letter. This time from Bank of America, Home Loans and also I received a response from the Defendant that contained "copies" of publicly listed documents filed in the Greene County Recorder's office showing that First Horizon Bank was the lender/creditor. The copied documents fail to prove validation of any existing alleged debt owed to Defendant "debt collector".

14. The copy of the deed the defendant sent was a stamped, endorsed copy of an alleged deed of trust. The endorsement was on the signature page of the deed, and read "*Pay to the Order*", "Without Recourse", (see Exhibit B) which appears to be a violation of **15 USC 1692e (6), K.S.A. 50-626 and K.S.A. 50-627**. Endorsed Signature Page is (Exhibit B)).

15. On or about *April 5th, 2012* the Plaintiff obtained her consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered around *April 12, 2012* Defendant(s) Bank of America, N.A., et al is reporting this alleged debt to all three credit reporting agencies and is still reporting it to this day (Exhibit E)). Plaintiff on April 26, 2012 immediately filed disputes with the credit agencies pursuant to **15 USC§1681, the FRCA and P.L. 91-508 § 611**. On or about May 25, 2013 (30 days later) the three major credit reporting agencies after conducting an investigation with the credit furnisher (Defendant Bank of America, National Association, et al) reported back stating that the alleged debt was valid, and

determined to be owed by Plaintiff. This alleged debt is not owed by the Plaintiff, and the account on the Plaintiff's consumer credit report that are reporting negative are not the Plaintiffs, and have caused damage.

16. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and/or validate their alleged debt although requested.

17. The above-detailed conduct by each of the Defendant(s) has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The **FDCPA, FRCA and Kansas Consumer Protection Act and the Public Laws** appear to relate to the Plaintiff(s) and Defendant(s) even if they were collecting a legitimate debt. Plaintiff alleges for the record that neither Defendant(s) are creditors, Lenders, or Mortgagees; neither did any of the Defendant(s) provide any credit or services to Plaintiff. Nonetheless, the Defendant(s) appear to be "debt collectors" pursuant to **15 USC §1692a (6)**, "suppliers" pursuant to **K.S.A. 50- 424(1)** and "persons" as the term is defined by **P.L. 91-508 § 603(b)**. Plaintiff alleges the FDCPA states in part;

The term "debt collector" *means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.*
**Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.**

*The term "suppliers" means a manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer. Supplier does not include any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution.*

*The term "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.*

18. Plaintiff therefore seeks damages in pursuant to **15 U.S.C § 1692k, K.S.A. 50-636(a), 15 U.S.C § 1681n, 15 U.S.C. § 1681o, P.L. 91-508 § 616, 617, 619,** as a result of what it appears to be Defendant's negligent and willful acts.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 U.S.C.§1681i & K.S.A. 50- 703 FAIR CREDIT REPORTING ACT, PUBLIC LAW 91-508 TITLE VI
(Defendants)

19. Paragraphs 6-18 are re-alleged as though fully set out herein.

20. Plaintiff is a "consumer" within the meaning of the FCRA, **15 U.S.C. §1681a(c), K.S.A. 50- 702(b), K.S.A. 50- 624(b), P.L. 91-508 § 603(c).**

21. Defendant(s) "Bank of America, National Association, et al appear to be "credit furnishers" within the meaning of the **15 U.S.C. §1681a(c)** and "persons" defined within **P.L. 91-508 § 603(b). 15 USC§1681s-2(a)** prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any

"dispute" by a consumer related to his or her credit information or history, **FCRA, 15 USC§1681s-2(a)(1)-(3).**

The FCRA, **15 U.S.C. 1681s-2(b)** has Obligations regarding credit furnishers to investigate consumers disputes. Subsection **1681s-2(b)** specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to **15 U.S.C. § 1681s-2(a)(2)**. After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) to conduct "an investigation" with respect to the disputed information;
>
> (2) to "review all relevant information" provided by the credit reporting agency;
>
> (3) to "report the results of its investigation" back to the credit reporting agency;
>
> (4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and
>
> (5) to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).
>
> (6) In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiff served upon Defendant(s) "Bank of America N.A."

22. Plaintiff notified Defendant Bank of America, National Association; et al of its

dispute by mail, and Defendant Bank of America, National Association, et al also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant "Bank of America, National Association, et al" failed to delete information found to be inaccurate and erroneous, and/or failed to properly investigate Plaintiff's disputes.

23. Plaintiff alleges that at all relevant times Defendant Bank of America, National Association failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, appearing to violate **15 U.S.C. § 1681e(b)** and **P.L. 91-508 § 607**. Plaintiff alleges that Defendants "PDF" failed to conduct a proper and lawful reinvestigation.

24. Plaintiff alleges that all actions taken by the Defendant(s) was done with malice, was done willfully, and was done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA, FDCPA and state law.

25. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires the following of "Transunion, Experian, and Equifax";

(2) Prompt Notice of Dispute to Furnisher of Information

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

    (5)    Treatment of Inaccurate or Unverifiable Information

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall–

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

24. Plaintiff has been significantly harmed by Defendant(s), which is due to erroneous reporting of the alleged debt. Due to Defendant's alleged acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were direct reflection of defendants Bank of America, National Associations erroneous credit reporting. Plaintiff is entitled to actual damages for those creditors who denied Plaintiff credit based on a deteriorated credit score and credit worthiness. Defendant(s) alleged negligent and noncompliant acts may have been a direct violation of **15 USC§1681(n), 15 USC§1681(o),**

**P.L. 91-508 § 616, 617** respectively.

25. Therefore, Plaintiff demands judgment for damages against Defendant(s) for actual damages, punitive damages, and statutory damages of $10,000.00, attorney fees, and costs pursuant to **15 U.S.C.§1681(n), and 15 USC§1681(o),** for what appears to be willful noncompliance **K.S.A. 50-715**, for negligent noncompliance **K.S.A. 50- 716, K.S.A. 50-636** and **P.L. 91-508 § 616, 617** respectively.

## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY
(Defendants)

26. Paragraphs 1-25 are re-alleged as though fully set out herein.

27. Defendant(s) "Bank of America, National Association, et al, and Bryan Cave LLP" are "debt collectors" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with Defendant "Bank of America, National Association, et al" and has never voluntarily applied for credit or services with any of the Defendant(s).

28. On *May 18, 2014* Defendant(s) "Bank of America, National Association, et al" appears to illegally obtained Plaintiff's consumer credit report(s) (*see*, Exhibit F). Defendant Bank of America, National Association, et al is not a creditor of Plaintiff; therefore the illegal obtaining of Plaintiff's consumer credit reports constitutes a Tort claim for Invasion of Privacy.

29. Plaintiff's right to privacy appears to be an enumerated Constitutional right, both in the State and Federal Constitution. Plaintiff has been damaged in that Plaintiff's proprietary, confidential, most personal information was unlawfully and illegally breached by Defendant(s). Importantly Plaintiff is most concerned with the fact that Plaintiff "did not" provide her social security number(s) to Defendant(s) "Bank of America, National

Association, et al". Plaintiff supports this assertion by the mere fact that no credit, application or services was applied nor received from the Defendant "Bank of America, National Association, et al". Defendant(s) have not provided validation or permissible purposes to prove their acts to be lawful.

30. Plaintiff has a right to discovery, to determine where Defendant obtained Plaintiff's personal, private information from. Specifically Plaintiff will investigate through discovery where Defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the Defendant illegally and unlawfully, and how that information is being used. Defendant "Bank of America, National Association, et al" may also be guilty of identity theft under state and federal law.

31. Therefore Defendant "Bank of America, National Association, et al" is liable to Plaintiff for actual, punitive, consequential, compensatory damages in an amount determined at trial, or by the court.

## THIRD CAUSE OF ACTION
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS, AND
(DEFENDANT)

32. Paragraphs 1-31 are re-alleged as though fully set out herein.

33. Defendant "Bank of America, National Association, et al" was aware of their wrongful conduct in creating an alleged debt Plaintiff is not obligated to, or is not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors Bryan Cave LLP. C/o Jennifer Berhorst, and debt collection agency to whom they sold the alleged debt to, who are involved in debt collection against the Plaintiff. Defendant "Bank of America, National Association, et al"

and Bryan Cave LLP c/o Jennifer Berhorst appeared to negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in Defendant "Bank of America, National Association, et al", which was allowed, or encouraged to violate the law as was done to the Plaintiffs. Defendant "Bank of America, National Association, et al" and "Bryan Cave LLP c/o Jennifer Berhorst appear to be responsible and liable to the Plaintiff for the wrongs committed against Plaintiff, and the substantial damages suffered by Plaintiff.

34. Therefore, it appears the Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

## FORTH CAUSE OF ACTION
## VIOLATION OF 15 USC 1692,
## K.S.A. 50-Article 6
(ALL DEFENDANTS)

35. Paragraphs 1-34 are re-alleged as though fully set out herein.

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

37. Plaintiff is a "consumer" as defined in 15 USC 1692a (3), K.S.A. 50- 702(b), K.S.A. 50-624(b). Defendants "Bank of America, National Association, et al" and "Bryan Cave LLP" appear to be "debt collectors as defined in 15 USC §1692a (6) and "suppliers" as the term is define in K.S.A. 50-624 (1). Defendants appeared to be attempting to collect a debt for "household purposes 15 USC 1692a (5).

38. Plaintiff served Defendants "Bank of America, National Association, et al" and filed in Greene County Circuit Court a Notice of Dispute in compliance with **15 USC§1692g, Public Law 95-109 § 809. 15 USC 1692g, Public Law 95-109 § 809** which appears to require

Defendants to provide Plaintiff with verification of the alleged debt once received. **15 USC 1692g (5)(b), Public Law 95-109 § 809(3)(b)** appears to **require** Defendants to cease all collection activity until the debt collector obtains verification of the alleged debt.

39. Defendants have failed to provide proof of the alleged debt. However, Defendants "Bank of America, National Association, et al" did provide a robo-signed note showing Plaintiff haven't made any payments and owes the original balance, (appearing to violate **15 USC 1692j § 812 and Public Law 95-109 § 812**). The Defendants never provided proof, and yet still continue to make attempts at collection of the alleged debt through erroneous credit reporting and through unlawful litigation.

40. Defendant Jennifer Berhorst of Bryan Cave LLP presented to Green County Circuit Court a certified document from the defendant Bank of America, N.A., stating that the Defendants, Bank of America, N.A., has lost the alleged note that obligates us. (Exhibit G)

41. Defendants violated the FDCPA and the KCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

    a. Defendants violated **§1692d/P.L. 95-109 § 806** of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;
    b. Defendants violated **§1692(j)/P.L. 95-109 § 812** of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt; in violation of **15 U.S.C. §1692f/ P.L. 95-109 § 808**;
    c. Defendants violated the **15 USC§1692(e)(8)/ P.L. 95-109 § 807(8)** requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is

"acquired."

d. Defendants violated **K.S.A. 50-626**

(a) No "supplier" shall engage in any deceptive act or practice in connection with a "consumer" transaction.

(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:

(1) Representations made knowingly or with reason to know that:

(B) the "supplier" has a sponsorship, approval, status, affiliation or connection that the "supplier" does not have;

e. Defendants violated **K.S.A. 50-626 Deceptive Acts and Practices**

(a) No "supplier" shall engage in any deceptive act or practice in connection with a "consumer" transaction.

(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:

(1) Representations made knowingly or with reason to know that:

(2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;

f. Defendants violated **K.S.A 50-627 Unconscionable acts and practices**

(a) **No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction. (b)The unconscionability of an act or practice is a question for the court. In determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:**

(1) The supplier took advantage of the inability of the consumer to reasonably protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;

(6) the supplier made a misleading statement of opinion on which the consumer

Bank of America N.A.
100 North Tryon Street
Charlotte, NC 28255

RA: CT CORPORATION SYSTEM
150 FAYETTEVILLE ST., BOX 1011
RALEIGH NC 27601-2957


Bryan Cave LLP
1200 Main St Ste 3500
Kansas City, Mo 64105

RA: CSC- Lawyers Incorporated Servicing Company
221 Bolivar Street
Jefferson City, Missouri 65101


Bank of America, Home Loans
100 North Tryon Street
Charlotte, NC 28255

RA: CT CORPORATION SYSTEM
150 FAYETTEVILLE ST., BOX 1011
RALEIGH NC 27601-2957

was likely to rely to the consumer's detriment; and

42. Specifically, Defendant "Bank of America, National Association, et al" and "Bryan Cave LLP" knew it was not entitled to collect or make threats of foreclosure on the non-existent debt. The threats from the defendants are (Exhibit H)

43. Defendants were fully aware that each of them were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to Defendants.

44. Therefore Defendants appear to be liable to Plaintiff for damages to Plaintiff's consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, anxiety, difficult pregnancy and other related damages due to Defendant's acts.

45. Defendant's negligent and willful acts therefore make them liable unto Plaintiff pursuant to **15 USC§1692k** in the amount of $1000.00 as well as **K.S.A. 50-636(c)** in the amount of $10,000.00, **P.L. 95-109 § 813** plus punitive, consequential, and actual damages.

## CONCLUSION

WHEREFORE, Due to these alleged violations Defendant appears to have violated, Plaintiff consumer requests and prays the Defendant(s) are held responsible for their negligent and willful acts. Plaintiff appears to be entitled to punitive, statutory, consequential, actual, and special damages, and any other such damages the court deems necessary.

Respectfully Submitted,

BY: *Amy Cooper* 10/28/14

CONSUMER, *Plaintiff*

Plaintiff Designates Kansas City, KS as place of trial