IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY COOPER f/k/a AMY TAPPRICH, )<br>)<br>       **Plaintiff,**     )<br>)<br>vs.                                 )<br>)<br>**BANK OF AMERICA, NATIONAL**  )<br>**ASSOCIATION, et al.**             )<br>)<br>       **Defendants.**          )  | Case No. 14-2550 SAC/JPO |

**REPLY IN SUPPORT OF DEFENDANTS BANK OF AMERICA, N.A.'S AND BRYAN CAVE LLP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Bank of America, N.A,[1] ("BANA") and Bryan Cave LLP ("Bryan Cave") pursuant to Federal Rule of Civil Procedure 12(b)(6), submit this reply in support of their separate Motions to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Plaintiff's Affidavit in Response To Defendants Bank of America National Association and Bryan Cave LLP C/O Jennifer Berhorst Motion to Dismiss ("Opposition") merely restates the allegations alleged in her Complaint. She provides no legal authority to contest the arguments set forth in BANA's and Bryan Cave's separate Motions to Dismiss. In fact, she admits in her Opposition that she is asserting claims based on the same set of facts that existed at the time judgment was entered in the Missouri Action. Plaintiff's claims are barred by res judicata.

Plaintiff's Opposition also more clearly demonstrates that she is seeking federal court review of the decision made by the circuit court in Missouri. As such, her claims are also barred

---

[1] Bank of America Home Loans is not a separate legal entity but is rather a brand name under the Bank of America, N.A. entity.

1

by the *Rooker-Feldman* Doctrine.  Where Plaintiff's Complaint amounts to "'a collateral attack on, and/or an appeal of, the final judgment arising from [the state court action],' . . . it [is] barred by the *Rooker-Feldman* doctrine prohibiting federal suits appealing state court judgments." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008) (quoting *Meadows v. Okla. City Mun. Court,* 247 Fed. Appx. 116, 117 (10th Cir. 2007)).  "Pursuant to 28 U.S.C. § 1257(a), 'federal review of state court judgments can be obtained only in the United States Supreme Court.'" *Tal v. Hogan*, 453 F.3d 1244, 1255-56 (10th Cir. 2006) (quoting *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir.1998)).

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (quoting *Lance v. Dennis,* 546 U.S. 459 (2006)).  In *Mann*, a district court precluded a pro se Plaintiff from re-litigating her probate court loss in federal court.  The Tenth Circuit upheld the lower court ruling, holding that her claims were barred in federal court because "her claims are inextricably intertwined with the [state] court judgments and are therefore barred by the *Rooker-Feldman* doctrine."  *Mann*, 477 F.3d at 1147.  Indeed, "having lost in probate court, she cannot file a federal complaint seeking review and reversal of the unfavorable judgment. Even if the probate court's decision was wrong, that does not make its judgment void, but merely leaves it 'open to reversal or modification in an appropriate and timely appellate proceeding.'" *Mann*, 477 F.3d at 1146 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).  "A claim is inextricably intertwined if 'the state-court judgment *caused,* actually and proximately, the *injury* for which the federal-court plaintiff

2

seeks *redress.*'" *Tal*, 453 F.3d at 1255-56 (quoting *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002) (emphasis in original).

Plaintiff's Opposition expresses her intent for this Court to review the decision made in the previous Missouri action. She indicates that she "was not given a fair opportunity to present [her] case in the Missouri Circuit Court" and then goes on to cite specific examples of actions by the Missouri court. *See* Opposition, ¶ 2. Each of Plaintiff's purported claims in the instant federal court action are "inextricably intertwined" with the state court action. As such, the *Rooker-Feldman* doctrine bars this Court from re-adjudicating claims that were fully and finally adjudicated in state court. Plaintiff's claims should be dismissed in their entirety.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Bank of America, N.A. and Bryan Cave LLP respectfully request that the Court grant their motions and dismiss Plaintiff's Complaint with prejudice, award Defendants their attorneys' fees and costs for defending this frivolous action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ James D. Lawrence
    James D. Lawrence, KS # 22565
    1200 Main Street, Suite 3800
    Kansas City, Missouri 64105
    Telephone: (816) 374-3200
    Facsimile: (816) 374-3300
    jdlawrence@bryancave.com

    ATTORNEY FOR DEFENDANT
    BANK OF AMERICA, N.A. and
    BRYAN CAVE LLP

**CERTIFICATE OF SERVICE**

  This certifies that the foregoing was served via U.S. mail, first class postage prepaid, this 19th day of February, 2015, to:

  Amy J. Cooper
  617 N. Walker Lane
  Olathe, KS 66061

              /s/ James D. Lawrence
              Attorney for Defendant