IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMY COOPER,

        Plaintiff,

        v.                                    Case No. 14-2550-SAC

BANK OF AMERICA, N.A., and
BRYAN CAVE, LLP,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on Defendants' motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that the complaint is barred by res judicata.[1]

Plaintiff asserts claims against BANK OF AMERICA, N.A (BANA) for (1) violations of the Fair Credit Reporting Act (FCRA); (2) violations of the Kansas Fair Credit Reporting Act (KFCRA); (3) invasion of privacy; (4) negligent hiring and supervision; (5) violations of the Fair Debt Collection

---

[1] Defendants also contend in their reply brief that the complaint is barred by the *Rooker-Feldman* doctrine, but the Court shall not address that new issue since the Plaintiff did not have a fair opportunity to respond to it. *See Niles v. American Airlines, Inc.*, 563 F.Supp.2d 1208, 1213 (D.Kan. 2008). Further, the *Rooker–Feldman* doctrine "is confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (emphasis added). See *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) (finding plaintiff filed its federal suit while the state court appeal was still pending so *Rooker–Feldman* doctrine was inapplicable).

Practices Act (FDCPA); and (6) violations of the Kansas Consumer Protection Act (KCPA). These claims arise from BANA's attempts to collect payments due and foreclose under a note and deed of trust Plaintiff executed on May 23, 2006 with another creditor. Plaintiff essentially alleges that she does not have a loan with BANA and that BANA has no right to attempt to collect payments from her.

The motions to dismiss are based on a prior action Defendants filed in Missouri. On January 15, 2013, BANA filed an action in Missouri, Case No. 1331-CV00051, seeking to foreclose the Deed of Trust that was secured by Plaintiff's property in Springfield, Missouri ("Missouri action").

Plaintiff filed this federal case on October 28, 2014. One week later, on November 4th, the Missouri court entered a Final Order and Judgment dismissing Plaintiff's counterclaims with prejudice and finding that BANA had legal authority to foreclose the Deed of Trust because it was the holder of the note and Deed of Trust at issue. Dk. 10, Exh. B.

Bryan Cave LLP acted as BANA's legal counsel in the Missouri action. Plaintiff brings claims against that law firm in this case for negligent hiring and supervision, FDCPA violations, and KCPA violations, based upon that representation.

**Motion to Dismiss Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must have facial plausibility.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*. [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id*. at 556 [127 S.Ct. 1955]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557 [127 S.Ct. 1955].

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[C]ourts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007).

In evaluating a Rule 12(b)(6) motion to dismiss, the court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir. 2008). But in considering the complaint in its entirety, the Court also examines any documents "incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct.

2499, 168 L.Ed.2d 179 (2007), documents attached to the complaint, *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012), and matters of which a court may take judicial notice, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-323, 127 S.Ct. 2499, 2509 (2007). Plaintiff has attached copies of various documents to her complaint. Defendants attach to their briefs various papers filed in the Missouri action, and the Court takes judicial notice of them. *See Barnes v. United States*, 776 F.3d 1134, 1137 (10th Cir. 2015).

**Res Judicata**

The Full Faith and Credit Act, 28 U.S.C. § 1738 (1982), requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Campbell v. City of Spencer*, __ F.3d __, 2014 WL 7145511 (10th Cir. 2014). The claim-preclusive effect of the judgment in the Missouri action is thus determined in this case by Missouri law. *See Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988).

Under Missouri law, res judicata bars relitigation of claims when the following four elements are present:

> 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made. *King*

> *General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 500 (Mo.banc 1991).

*Briscoe v. Walsh*, 445 S.W.3d 660, 664 (Mo.App. E.D. 2014). The doctrine bars not only claims made, but claims that could have been made in the case.

> Unlike collateral estoppel, res judicata applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time. *Id.* Put otherwise, a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding. *Id.* "Separate legal theories are not to be considered as separate claims, even if 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief' " *Id.*, quoting *Siesta Manor, Inc. v. Community Federal Savings and Loan Association*, 716 S.W.2d 835, 839 (Mo.App. E.D.1986).

*Briscoe,* 445 S.W.3d at 664.

Plaintiff's opposition to the motions to dismiss states, among other matters, that BANA did not show possession of her original note, that she has never done business or had a credit transaction with BANA, and that BANA has no lawful interest in her property as a creditor. But the final order and judgment in the Missouri action traced the assignment of the Deed of Trust at issue from the original creditor to BANA, a successor by merger, and found that BANA is entitled to enforce the Note and Deed of Trust. It further found that the original Note had been lost or misplaced and that despite a reasonable and diligent search, BANA could not find it. These and other

findings in the Missouri order address the very facts and issues Plaintiff has raised in this case in response to the motions to dismiss. Plaintiff also contends that she did not get a jury trial and was not permitted to cross examine Defendants in the Missouri action. But since the Missouri order was based on a summary judgment, no jury trial or cross-examination was necessary or proper.

In the Missouri action, BANA brought suit against Ms. Cooper, the plaintiff in this case, to enforce its rights under the Note and Deed at issue in this case. Ms. Cooper counterclaimed, alleging:

1. Failure by [BANA] to validate the Debt under RSMO § 400-9-210(b) and USC 15 Section 1692g, making [BANA] liable and indebted to [Plaintiff] for $5.000.00;

2. False reporting to Credit Bureaus, causing, damaged credit and harm [Plaintiff] makes a claim for $5,000.00;

3. For [BANA's] deceitful false billing, U.S. Mail Fraud and wire fraud, [BANA] is indebted to the Defendant for $15,000.00; and

4. [BANA] is indebted to [Plaintiff] for $25,000 due to identity theft.

*See* Dk. 10, Exh. A; Dk. 12 Exh. A. Plaintiff's underlying assertion was that BANA had no legitimate claim of interest in her property.

The documents properly considered by this court on the motions to dismiss demonstrate the presence of the four elements required for res judicata under Missouri law, as detailed below.

### Identity of the thing sued for

In the Missouri case, as here, Plaintiff sought to establish BANA's lack of ability to foreclose on her property and money damages for its alleged violation of the statutes stated in her counterclaims, above. The "thing sued for" there via her counterclaims, is identical to the thing sued for here in her complaint. *See, e.g., Palmore v. City of Pacific*, 393 S.W.3d 657, 666 (Mo.App. E.D. 2013) (finding this element "satisfied because 'the thing sued for' in both actions was monetary damages arising out of the same set of facts.").

### Identity of the cause of action

This element focuses on the factual basis of the claims.

> This Court has defined the identity of the cause of action as "the underlying facts combined with the law, giving a party a right to a remedy of one form or another based thereon." *Williams v. Fin. Plaza, Inc.*, 78 S.W.3d 175, 183 (Mo.App. W.D. 2002) (citation and quotations omitted). It is not necessary that the causes of action be identical, but the claims must have arisen out of the " 'same act, contract, or transaction.' " *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318–19 (Mo. banc 2002) (citation omitted); *Jordan v. Kansas City*, 929 S.W.2d 882, 886 (Mo.App. W.D. 1996). As such, the focus is on the "factual bases of the claims, not the legal theories." *Chesterfield Village, Inc.*, 64 S.W.3d at 319.

*Xiaoyan Gu v. Da Hua Hu*, 447 S.W.3d 680, 689-90 (Mo.App. E.D. 2014). The term "transaction" is to be broadly construed and includes "all of the facts and circumstances which constitute the foundation of a claim." *Andes*, 897 S.W.2d at 23.

Here, both actions arise out of the same underlying facts, namely,

attempting to enforce or oppose foreclosure on Plaintiff's property. The subject matter of both cases is the same. This is true even as to Plaintiff's claim against Bryan Cave for negligent hiring and supervision, which states a different legal theory arising out of the same facts and challenges the manner of Bryan Cave's representation of BANA in the Missouri action.

### Identity of the persons and parties to the action

Plaintiff was the named defendant and BANA was the named plaintiff in the Missouri action. Bryan Cave was not, however, named in that case. But res judicata applies to the parties and their privies, meaning that the party in the instant action need not have actually been a party in the prior action. *Palmore v. City of Pacific,* 393 S.W.3d 657, 666, 667 (Mo.App. E.D. 2013). For privity to exist, as to satisfy the same party identity, the interests of the party and non-party must be "so closely intertwined that the non-party can fairly be considered to have had his or her day in court." *Stine v. Warford,* 18 S.W.3d 601, 605 (Mo.App. W.D. 2000). And although Plaintiff arguably did not state counterclaims against Bryan Cave, Plaintiff did make allegations expressly against Bryan Cave in that case by alleging that Bryan Cave misled her by claiming to have the authority to foreclose, that it engaged in harassment or abuse by sending her threats to foreclose and demanding payment, that it made false representations by threatening to foreclose, and that it engaged in unfair practices by not producing admissible evidence to prove her debt was truly owed. *See* Dk. 12, Exh. C (Opening

8

Statement). Bryan Cave had the same interests as BANA since it was acting as its attorney or agent in the Missouri Action rather than in its individual capacity, so was "tightly aligned with the interest" of BANA. *See James v. Paul,* 49 S.W.3d 678, 683–84 (2001). This is sufficient to meet this element.

### Identity of the quality of the persons

The same "quality of person" exists where defendants were identical and were sued in the same capacity in both suits. *See Palmore v. City of Pacific,* 393 S.W.3d 657, 667 (Mo. E.D. 2013). This requirement is met where a defendant's "status" is the same in both suits. *Jordan v. Kansas City,* 929 S.W.2d 882, 887 (Mo. WD 1996.). The parties in this case acted in their same capacities in the Missouri case as here.

Plaintiff's complaint is therefore barred by res judicata and shall be dismissed.

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Dks 9, 11) are granted and that Plaintiff's complaint is hereby dismissed.

Dated this 10th day of March, 2015, at Topeka, Kansas.

s/Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge